Daniel, J.
 

 The Statute, Rev. Stat. ch. 34, sec. 68, declares, that each and every person, who shall construct, erect, keep up or use any
 
 public
 
 gaming table or place where games of chance shall be played, shall be subject to indictment. And each and every person, who shall play at any of the gaming tables forbidden by this act, or any game of chance, and bet any money or property, shall be guilty of a misdemeanor. We concur in the opinion expressed by the judge on the trial, but find that the indictment is defective. It charges that the defendant did play at a game of chance, and that he did bet money with Dickson upon the said game of chance. But he is not charged with doing these acts at any public gaming
 
 place.
 
 The indictment states, that Dickson had constructed and used a public gaming place, but it does not state that the betting of the money by the defendant with Dickson on the said game at chance, was at the said public gaming piaee, so constructed by Dickson in the town of Hendersonville.
 
 3Ton constat,
 
 but that the betting at the said game of chance, charged in this indictment, might have been in the town of Hendersonville, but not at a public gaming table, nor at the
 
 place
 
 charged in the bill to have been constructed and used by Dickson for public gambling. The words “ then and there” in the indictment have
 
 *357
 
 reference only to the
 
 venue,
 
 (Henderson county,) and not to the public place of gaming- in the town of Hendersonville constructed by Dickson. The indictment does not describe with certainty such facts, as in law make an offence punishable under the Statute. The judgment must be arrested.
 

 Per Curiam. Judgment arrested.